# BOARD OF EDUCATION OF BALTIMORE COUNTY *vs.* WILLIAM H. HARTMANN ET AL.

*Annexation Act—Public Property—As Passing to City.*

The provision of the Annexation Act (Acts 1918, ch. 82, sec. 9) that the county's title to school houses and lots, engine houses and lots, station houses and lots, together with the furniture and equipment therein "or other public property," should pass to the city as of a certain date, did not include land previously acquired for school purposes, but never used therefor.

*Decided July 1st, 1924.*

Appeal from the Circuit Court No. 2 of Baltimore City (DUKE BOND, J.).

Bill by the Board of Education of Baltimore County against William H. Hartmann, to which the Mayor and City Council of Baltimore was, upon petition filed by it, made a party defendant. From an order sustaining defendants' demurrers and dismissing the bill, plaintiff appeals. Reversed.

The cause was argued before PATTISON, URNER, ADKINS, OFFUTT, and BOND, JJ.

*William P. Cole, Jr.,* and *Edward H. Burke,* for the appellant.

*Le Roy E. Gerding,* for William H. Hartmann, appellee.

*Philip B. Perlman, City Solicitor,* with whom was *George E. Kieffner, Assistant City Solicitor,* on the brief, for the Mayor and City Council, appellee.

PATTISON, J., delivered the opinion of the Court.

The County School Commissioners of Baltimore County, now the Board of Education of Baltimore County, the appellant, purchased from Henry P. Mann a tract of land, containing about eight-tenths of an acre, located in that part of Baltimore County that was thereafter annexed to Baltimore City under chapter 82 of Acts of 1918, and received a deed therefor executed by Henry P. Mann and wife, on the 19th day of June, 1914.

The land was acquired with the view of erecting thereon a school house, but before this was done the said Act of 1918, chapter 82, became effective, and it, with the land contiguous thereto, became a part of the City of Baltimore.

The buildings on this land, at the time of its purchase, consisted of two dwelling houses which are still upon it. No school house has been erected thereon, nor has the property ever been used for school purposes.

On the 24th day of April, 1923, the appellant, the Board of Education of Baltimore County, being seised and possessed, as it thought, of said land, through its agent William Martien & Co., entered into an agreement with the appellee, William H. Hartmann, for the sale of it, at and for the sum of sixteen hundred dollars, of which sum three hundred dollars were paid upon the execution of the written contract, and the balance was to be paid in cash upon the completion of the examination of the title and the execution of a deed therefor, which was to be executed on or before sixty days from the date of the contract.

Simultaneously with the execution of the contract, the appellee took possession of one of the houses on the land and still retains possession of it; and though the appellant, as claimed by it, had performed all the requirements of the agreement to be performed by it, William H. Hartmann, the purchaser, refused to accept a deed from the appellant for the property and to pay the balance of the purchase money therefor, because, as claimed by him, the appellant was unable to convey to him a good and merchantable title to the

property.  In consequence of the appellee's refusal to accept the deed, and to pay the balance of the purchase money therefor, the appellant filed its bill, alleging the facts which we have stated, together with the further facts "that the arbitrators, appointed under and by virtue of the power and authority of chapter 82 of Acts of 1918, to ascertain and determine the sum of money to be paid by the Mayor and City Council of Baltimore City to the Treasurer of Baltimore County as the fair value to said Baltimore County after the passage of said act of all school houses and lots, including the school furniture therein, fire engine houses, including the fire engines and apparatus used in connection therewith, and police stations situate within the territory annexed from Baltimore County to Baltimore City, fixed said sum at seven hundred and fifty thousand dollars, and in arriving at said sum said arbitrators did not consider or allow anything for the property" mentioned in the bill.

The plaintiff concluded its bill by asking (1) that the court declare the unpaid balance of the purchase money to be a vendor's lien upon said property, and (2) that the land be decreed to be sold for the payment of the lien.

The Mayor and City Council of Baltimore, upon a petition filed by it, was made a party defendant to the bill, and thereafter each of the defendants filed a demurrer thereto, the grounds of the demurrers being: (1) that the land mentioned and described in the bill was "public property" situated within the territory annexed to Baltimore City by said Act of 1918, chapter 82; and that under and pursuant to said act the title thereto became vested in the Mayor and City Council of Baltimore on January 1, 1919, and is now held by the Mayor and City Council of Baltimore upon the same public trusts upon which it had theretofore been held by the plaintiff, and was so held by the Mayor and City Council of Baltimore on the 24th day of April, 1923, when the plaintiff, appellant in this Court, attempted to sell said property to the defendant, William H. Hartmann; and (2) that the Mayor and City Council of Baltimore was not a

party to, and did not sign the contract with William H. Hartmann or anyone else for the sale of the land, nor has the Mayor and City Council of Baltimore received any part of the purchase price alleged to have been paid therefor.

The demurrers were sustained and the bill dismissed by the court. It was from the order sustaining the demurrers and dismissing the bill that the appeal in this case was taken.

It is upon section 9 of chapter 82 of the Acts of 1918, that the appellee relies in the assertion of its claim that the land mentioned and described in the bill, is now, and was at the time of the execution of the contract made by the appellant with William H. Hartmann for the sale of it, the property of the Mayor and City Council of Baltimore.

This section of the act first provides, that the Mayor and City Council of Baltimore shall pay to the Treasurer of Baltimore County for the use of said county, a sum equal to "the fair value to said counties of all school houses, including the school furniture therein, fire engine houses, including the fire engines and apparatus used in connection therewith, and police stations situate within the territory * * * annexed from Baltimore County to Baltimore City."

It next provides for the appointment of arbitrators to ascertain the fair value to Baltimore County of the property of the classes specifically named in the annexed territory, and by it they were told how to proceed and what facts were to be considered by them in reaching their conclusions as to the valuation of such property. Then follows the statement that "the intention of this section is that the Mayor and City Council of Baltimore shall pay to the Treasurer of Baltimore County * * * the fair value of any and every use of the *public property hereinabove mentioned* situate within the territory annexed by this act to Baltimore City, of which the inhabitants of the county outside of said territory are deprived by this act."

The concluding paragraph of the section, after providing that the ascertained values of the property mentioned shall be paid in installments of one-tenth of the whole amount each

year until the entire amount is paid, concludes by saying
that the title of the County Commissioners of Baltimore
County, or of its agencies holding title to the property to be
transferred to the City of Baltimore, shall become and be
vested in the Mayor and City Council of Baltimore as of
January 1st, 1919.

The property which under the statute was to pass from
Baltimore County to the City of Baltimore and for which
the county was to be paid by the city the fair value of its
use to the county, is in the early part of this section described
as "all schoolhouses, including all school furniture, fire en-
gine houses, including the fire engines and apparatus used in
connection therewith, and police stations, situated within the
territory" annexed to the city.

The exact language used above in describing the property
to be transferred to the city, under the act, is one or more
times repeated in this section and no change appears therein
until the last clause of the section is reached, where it is
said the title of the County Commissioners of Baltimore
County or of other public officials or bodies holding title
to "any schoolhouses and lots, engine houses and lots, station
houses and lots, together with the furniture and equipment
therein or *other public property* situated within the terri-
tory annexed by this act to Baltimore City, shall become and
be vested in the Mayor and City Council of Baltimore as
of January 1st, 1919." It will be observed that the words
"other public property" appear for the first time in the
description of the property to be transferred to the city, but
it will also be seen that the language employed differs in
other respects from that used in the earlier description of the
property. In it, no mention is made of "fire engines and
apparatus used in connection therewith" and it is not at all
certain that the term "other public property" was not in-
serted to supply such omission, but if it were not so intended,
the act should not, we think, be construed to mean property
bought by the appellants with the view of using it at some
future time for public purposes but which was never so used.
It is not claimed by the appellee that the property in question

falls within any one of the classes specifically mentioned in the statute, and this was the view taken by the arbitrators appointed to value the use to the county of all properties included within the classes named held by it in the territory mentioned, as such use of the property was never valued by them.

The appellee's claim to the property is based solely upon its alleged acquisition of it by the use of the term "other public property." That all property held by the county or its agencies authorized to hold title to property is not included within this term, has already been decided by this Court in *McGraw* v. *Merriman*, 133 Md. 262. It was shown in that case that Baltimore County owned a number of properties within the annexed district which it had purchased under tax sales, and as to which Chief Judge Boyd, speaking for the Court, said "the provisions for Baltimore City taking over the public property cannot be construed to mean such property," that "it only means such as is held for public purposes and not any property that either county may own that does not come in that class." It is upon this last expression of Judge Boyd's that the appellee greatly relies in its claim that the title of the disputed property is in it, contending that such property is held for *public purposes,* though not used for such purposes.

The court, in this case, did not have before it for its consideration the question now before us. What was there said was in relation to the character of the holding by the county of property purchased under tax sales, and nothing more, and the effect of the decision was that the property was not held for a public purpose. He did not say that property bought by the county, or one of its agencies, to be at some future time used for public purposes, though never so used, was held for public purposes.

It is, we think, sufficiently shown by the language of the act that the property which was to pass from the county to the city under the term "other public property," was property then in use for public purposes.

The arbitrators, appointed under the act, were not to value the property itself, but the value of its use to the public of the county from which it had been taken, clearly meaning, we think, that the property to be transferred under the act was property then being used for public purposes.

A number of definitions of the term "public property" are found in the briefs taken from various authorities; but in this case we are to determine the meaning of that term as it is used in the statute before us, and to do so we must consider it in connection with all parts of the statute having relation to the transfer of property from the county to the city, as well as the object and purpose for which the act was passed. When so construed, the term, we think, was not sufficiently comprehensive to include the property here claimed by the appellee, nor was it so intended. Therefore, for the reason stated, we will reverse the order sustaining the demurrer and dismissing the bill, and remand the cause for further proceedings in conformity with this opinion.

> *Order sustaining the demurrers and dismissing the bill reversed and cause remanded for further proceedings, the costs to be paid by the appellee.*