Joseph Liff, J.
Plaintiff asks for a judgment declaring unconstitutional the Building Zone Ordinance of the City of Glen Cove as it applies to a parcel of land which the plaintiff has found to be surplus and that the property be rezoned to a lower category. In addition to customary denials the defendant raised several affirmative defenses, among which is the assertion that the plaintiff is not the owner of the land but .rather that the defendant is.
Prior to July 1, 1951 the school system for the City of Glen Cove was operated through a Board of Education as a facet of municipal functions. As of that date the Legislature, by chap *785 ter 762 of the Laws of 1950, transferred the responsibility for the education of the city’s children to a new school district. The new laws, prepared by the State Comptroller’s Committee on Constitutional Tax and Debt Limits and City School Fiscal Relations, were designed to do away with legal and administrative confusion and conflict which had arisen in the fiscal relationships between city governments and their school boards (Notes of Committee, L. 1950, ch. 762). To effect the transition with minimal disturbance and insure the continued operation of the school system without interference, the legislation was designed to vest in the new and autonomous Board of Education of the school district all of the school facilities which until the moment of the changeover had been employed in the functioning school system (ch. 762, § 48 et seq.). The scheme of preserving continuity was carried out to the extent of continuing in office the members of the Board of Education (except where a board member also occupied another city office) until their current terms expired (ch. 762, § 50). The Legislature also provided that, thereafter, members of the Board of Education of the school district would be elected directly 'by the voters of the district so as to complete the separation of educational functions from other municipal activities (Education Law, art. 51, § 2502, subd. 7).
In order to secure necessary school facilities, and desiring to take advantage of Federal assistance which was then available, in June, 1938 the then City Board proposed to purchase a tract consisting of 16 acres adjoining an existing school site on Forest Avenue. Having acquired the land, the board devoted it to school purposes except for approximately 3 acres which lay at one end of the site in its original state, overgrown and wooded.
The present litigation arose when the board declared the property surplus and sought to have it rezoned so as to enhance its value and to use the proceeds from the sale for the benefit of the educational system. It was in this action that the city for the first time asserted title to the property. The answer to the problem should be found in a construction of the statutes in the light of the controlling rule which is to ascertain and give effect to the intention of the Legislature (McKinney’s Cons. Laws of N. Y., Book 1, Statutes, § 92).
Among the statutes was a provision which stated that ‘1 title to all real and personal property ’ ’ which on the effective date was 1 ‘ under the exclusive jurisdiction and/or control of the school authorities, and used for educational purposes, including school sites, school buildings, school equipment, school funds, and other property of every kind and nature ” was to be *786 vested in the newly created school district (L. 1950, ch. 762, § 48). Section 49 of the same chapter provided that any indebtedness which had been incurred by the city with respect to such property should be assumed by the new school district.
Obviously it was the intention of the Legislature to provide the new school administrators with all of the properties, real and personal, which immediately theretofore had been used for the school system so that the school functions could be continued unimpaired and uninterrupted.
The subject property was not necessary to, nor had it been used in, the operation of the school system. Strained constructions should be avoided and words should receive their natural and obvious meaning (McKinney’s Cons. Laws of N. Y., Book 1, Statutes, § 94). The dictionary defines the term “used” as “employed in accomplishing something” (Webster’s Third New International Dictionary [1963]). Considering the word “used” in its most natural and obvious sense (McKinney’s Cons. Laws of N. Y., Book 1, Statutes, § 232), we come to the conclusion that it was not the intention of the Legislature to vest the new school district with property other than that which meets the test, and that is, that on the effective date the property had to have been (1) under the exclusive jurisdiction and/or control of the school authorities and (2) used for educational purposes. This property was not being used for educational purposes and until the effective date of the act, the city might have disposed of the property or used it for some purpose other than scholastic without disrupting the educational “ plant ”. There was no indebtedness attached to it (L. 1950, ch. 762, § 49) and the property was not encumbered by any school facility.
We have not been able to find, nor have we been referred to, any guiding authority in this State. However, Board of Education of Baltimore County v. Hartmann (146 Md. 307) presents some interesting parallels. There the court held that although property might have been acquired for future use as a school, since it was not then being used for that purpose it did not vest in the city when other properties were transferred to the city by virtue of legislation.
For all of the foregoing reasons we have reached the conclusion that plaintiff was not vested with title to the property in question and, since that is so, the complaint must be dismissed.